DEMOCHITZ, Respondent, vs. WELLS and another,
Appellants.

*March 5—April 3, 1934.*

600

For the appellants there was a brief by *Frame & Blackstone* of Waukesha, and oral argument by *A. L. Blackstone*.

For the respondent there was a brief by *Lockney & Lowry,* attorneys, and *Richard N. Hunter* of counsel, all of Waukesha, and oral argument by *Mr. Henry Lockney* and *Mr. Hunter*.

FOWLER, J. The appellants claim that the motion for a directed verdict should have been granted because the plaintiff under the evidence, as matter of law, (1) assumed the risk of injury from the negligence found by the jury; (2) was guilty of contributory negligence; and (3) that if not entitled to judgment of dismissal they are entitled to a new trial because of erroneous rejection of evidence offered by them.

(1) The verdict of the jury exonerates the plaintiff from assumption of risk incident to the speed maintained by the defendant at the time of the accident and from assumption of the risk incident to his management of the car at that time. It is without dispute that the plaintiff warned the defendant at the garage that he should not drive too fast so as to keep the car under control because of the condition of the brakes. It is obvious that the defendant might have driven so slowly that there would have been no danger from losing control of the car. Just what that rate of speed should have been does not appear, but it was for the jury to determine whether the defendant was exceeding it at the time he applied the brakes and whether if he had been maintaining a proper rate of speed the plaintiff's injuries would have been sustained. It was also for the jury to determine

whether, in view of the evidence of the plaintiff's protests as to speed and the defendant's reduction of speed upon each protest, the plaintiff assumed the risk of injury incident to the speed of the car. We are of opinion that in view of the defendant's assertion that he had been driving the car every day without trouble with the brakes and could handle the car properly, it was for the jury to say whether the plaintiff assumed the risk of injury from lack of control due to the condition of the brakes. The situation is one where an inference either way might have been reasonably drawn. In such situation the finding of the jury must be upheld.

(2) The plaintiff did nothing that in any way contributed to the inefficiency of the brakes, or the defendant's method of applying the brakes, or to the car's leaving the road. The only ground for claiming that he was negligent is his entering the car at the garage to proceed on the journey in view of the condition of the brakes, or his remaining in the car in view of the speed maintained by the defendant. These matters are covered by the jury's findings as to assumption of risk.

(3) The point here involved is the court's sustaining an objection to receipt in evidence of the plaintiff's deposition taken on adverse examination before the trial made on offer of the entire deposition at the close of the defendants' case, after defendants' counsel had cross-examined the plaintiff upon parts of this examination. Objection was made that this was "not a proper method of proof." The court asked counsel if he wanted "to examine him (plaintiff) on it?" Counsel stated he had examined him on part of it and said "I offer the whole deposition at this time." The judge said he did not think that was proper. The judge was in error here, but it seems manifest that had counsel offered such parts of the examination as he desired that he had not already covered in his cross-examination such parts would

have been received. The examination is not in the bill of exceptions, and we cannot presume that there was anything in it contradictory of or not covered by the plaintiff's testimony. In this situation we cannot assume that the error was prejudicial.

*By the Court.*—The judgment of the county court is affirmed.